**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Riverside Consulting Inc, Bradford Magnus, and Heather Magnus | ) ) ) | |
| Plaintiff, | ) ) ) | **ORDER DENYING TEMPORARY RESTRAINING ORDER** |
| vs. | ) ) | |
| United States of America, | ) ) | Case No. 1:10-cv-062 |
| Defendant. | ) | |

_____

Before the Court is the Plaintiffs' "Motion for Temporary Restraining Order" filed on August 24, 2010. See Docket No. 4. The Government filed a response in opposition to the Plaintiffs' motion on August 30, 2010. See Docket No. 9. The Plaintiffs seek a temporary restraining order enjoining and restraining the Internal Revenue Service ("IRS") from enforcing levies against the Plaintiffs.

**I.   BACKGROUND**

Plaintiffs Bradford Magnus and Heather Magnus were officers of Magnus Consulting, Inc. Bradford Magnus, through Magnus Consulting, provided consulting services to oil companies in western North Dakota. Magnus Consulting and the Magnuses incurred federal tax debt by paying the Magnuses' personal expenses with business funds. On May 5, 2008, the IRS assessed taxes against Magnus Consulting, of which approximately $200,000 remains unpaid.

In April 2008, Bradford Magnus and Heather Magnus incorporated Riverside Consulting, Inc., after purchasing the assets of Magnus Consulting. Bradford Magnus provides essentially the same services through Riverside Consulting as he did through Magnus Consulting. The IRS determined Riverside Consulting to be the alter ego of Magnus Consulting, Bradford Magnus, and Heather Magnus.

On March 8, 2010, the IRS issued a levy against Riverside Consulting to collect on Magnus Consulting's outstanding debt. The IRS issued levies against Bradford Magnus and Heather Magnus on August 20, 2010. The IRS issued a notice of levy to RPM Consulting, currently Riverside Consulting's only client. Plaintiffs' counsel asserts in an affidavit that Bradford Magnus and Heather Magnus are left with no means of financial support as a result of the levies. See Docket No. 6. The Plaintiffs commenced this action on August 9, 2010, seeking damages and release of the levies. The Plaintiffs contend they are suffering irreparable harm as a result of the levies and are entitled to a temporary restraining order.

## II.     LEGAL DISCUSSION

When determining whether a temporary restraining order should be granted, Rule 65(b) of the Federal Rules of Civil Procedure directs the Court to look to the specific facts shown by an affidavit to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. In determining whether preliminary injunctive relief should be granted, the Court is required to consider the factors set forth in Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Whether a preliminary injunction or temporary restraining order should be granted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id.

It is well-established that the burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "No single factor in itself is dispositive; in each case all of the factors must be

considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)).

26 U.S.C. § 7426 also controls whether injunctive relief can be granted in cases involving the collection of federal taxes. The statute explains:

> (a) Actions permitted.
>
> (1) Wrongful levy. If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
>
> . . . .
>
> (b) Adjudication. The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:
>
> (1) Injunction. If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

26 U.S.C. § 7426. Thus, for the Court to grant the Plaintiffs' motion, it must find (1) that the Plaintiffs would suffer irreparable injury, and (2) that the Plaintiffs' rights to the property are superior to the rights of the United States.

### A.     DATAPHASE FACTORS

#### 1)     IRREPARABLE HARM

The Plaintiffs must establish that there is a threat of irreparable harm if injunctive relief is not granted and that such harm is not compensable by money damages. Doe v. LaDue, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (citing Northland Ins. Co. v. Blaylock, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000)). "The 'mere possibility' that harm may occur before a trial on the merits is not enough." Johnson v. Bd. of Police Comm'rs, 351 F. Supp. 2d 929, 945 (E. D. Mo. 2004). The party that seeks the temporary restraining order must show a significant risk of harm exists. Doe, 514 F. Supp. 2d at 1135 (citing Johnson, 351 F. Supp. 2d at 945). The absence of such a showing is sufficient grounds to deny injunctive relief. Id. (citing Gelco v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987)).

Although the Magnuses may suffer hardship and loss of income as a result of the levies, they have not demonstrated irreparable harm of the type contemplated by Rule 65(b). The Eighth Circuit Court of Appeals has stated, in the context of a wrongfully terminated employee's motion for a temporary restraining order, "[T]emporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 300 (8th Cir. 1996) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)). The United States Supreme Court explained further in Sampson:

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Sampson, 415 U.S. at 90 (quoting Va. Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958)). The harm the Plaintiffs would suffer without a temporary restraining order is not irreparable. It is compensable by money damages after a trial on the merits. See Doe, 514 F. Supp. 2d at 1135

4

(explaining irreparable harm must not be compensable by money damages).  The Plaintiffs have not established a threat of irreparable harm justifying a temporary restraining order.  As a result, this factor weighs against the issuance of a temporary restraining order.

### 2) **BALANCE OF HARM**

The Magnuses contend they are without any income as a result of the levies.  The Government argues it would suffer harm if the Court grants a temporary restraining order because Riverside Consulting would then submit all of its unpaid invoices to RPM Consulting and the Government would not be able to use those funds to collect on the outstanding debt.  All parties will suffer some monetary harm as a result of the Court's decision.  This factor weighs neither in favor of nor against granting the temporary restraining order.

### 3) **PROBABILITY OF SUCCESS ON THE MERITS**

When evaluating a movant's "likelihood of success on the merits" the Court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" Calvin Klein Cosmetics Corp., 815 F.2d at 503 (quoting Dataphase, 640 F.2d at 113). At this preliminary stage, the Court does not decide whether the party seeking the temporary restraining order will ultimately prevail.  PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007).  Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits.'" Id. (quoting Dataphase, 640 F.2d at 113).  The Eighth Circuit has held that of the four factors to be considered by

5

the district court in considering preliminary injunctive relief, the likelihood of success on the merits is "most significant."  S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

The Plaintiffs have not demonstrated a great probability that they will succeed on the merits. The Plaintiffs' memorandum in support of their motion focuses on the harm the Plaintiffs have suffered and the apparent lack of administrative review of an allegedly wrongful levy but does not address the ultimate merits of their claim.  The Government's response and the affidavit of the IRS revenue officer adequately explain the reasons behind the IRS's decision to issue the levies.  The Plaintiffs' failure to demonstrate a probability of success on the merits weighs against granting a temporary restraining order.

### 4)    PUBLIC INTEREST

Neither the Plaintiffs nor the Government directly address in their memoranda whether the public interest weighs in favor of or against granting the temporary restraining order.  The Government contends the Plaintiffs should not be allowed to use the power of the Court to continue to avoid their tax responsibilities.  The public interest is served by prompt payment of federal income taxes. However, the public interest is also served when a taxpayer is afforded due process, and a government entity is not allowed to create a bureaucratic maze for taxpayers that few can negotiate.  This factor weighs neither in favor of nor against granting the temporary restraining order.

### B.    26 U.S.C. § 7426

As stated above, for this Court to grant injunctive relief the Plaintiffs must show (1) that they would suffer irreparable injury without the temporary restraining order, and (2) that their rights to the property are superior to the rights of the United States.  The Plaintiffs have not shown they would

suffer irreparable injury nor that their rights to the funds are superior to the government. As a result, 26 U.S.C. § 7426 also bars the Court from granting the Plaintiffs' motion for a temporary restraining order.

### C.      WILLIAMS PACKING EXCEPTION

26 U.S.C. § 7421(a) states, in pertinent part, "Except as provided in section[] . . . 7426(a) and (b)(1) . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." In Enochs v. Willaims Packing & Navigation Co., 370 U.S. 1 (1962), the Supreme Court created an exception to § 7421(a):

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, <u>if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and . . . the attempted collection may be enjoined if equity jurisdiction otherwise exists</u>. In such a situation the exaction is merely in the guise of a tax.

Enochs, 370 U.S. at 7 (internal quotes and citations omitted) (emphasis added). Thus, if there are no circumstances under which the Government could prevail in this case, the Court can grant injunctive relief. The arguments and evidence presented by the Government demonstrate the possibility that it may prevail on the merits. Therefore, at this preliminary stage the Plaintiffs are not entitled to a temporary restraining order under the Williams Packing exception.

### III.     CONCLUSION

After carefully reviewing the entire record, the Court finds that the Plaintiffs have not met their burden of establishing the necessity of a temporary restraining order at this stage of the litigation. Accordingly, the Court **DENIES** the Plaintiffs' "Motion for Temporary Restraining Order" (Docket No. 4).

Dated this 1st day of September, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court